1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANDREW KWASI DONKOR.,          )   Case No. CV 14-0124-GW (DTB)
                               )
                Petitioner,    )
         vs.                   )   ORDER TO SHOW CAUSE
                               )
WARDEN,                        )
                               )
                Respondent.    )
                               )
_____  )

On January 7, 2014, petitioner filed what appears to be a Petition for Writ of Habeas Corpus by a Person in State Custody herein.[1]  The Petition purports to be directed to a 2012 sentence petitioner received in the Los Angeles County Superior Court.  Although the allegations of the Petition are prolix and not a model of clarity, petitioner appears to raise at least six grounds for relief therein.

/ / /

/ / /

/ / /

_____

[1]      Although petitioner directs the Petition to the United States District Court, the caption of the Petition indicates that the Petition is brought pursuant to California Penal Code § 1473.

1

1    Based on its review of the Petition as well as information derived from the
2  California Appellate Courts website[2], it appears to the Court that the Petition is time
3  barred.  Accordingly, on or before **February 28, 2014**, petitioner is ORDERED to
4  show cause in writing (if any he has) why the Court should not recommend that this
5  action be dismissed with prejudice on the ground of untimeliness.[3]

6

7                          **THE TIME BAR ISSUE**

8    Since this action was filed after the President signed into law the Antiterrorism
9  and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is
10  subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. §
11  2244(d).  See Calderon v. United States District Court for the Central District of
12  California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997).[4]  28 U.S.C. § 2244(d)
13  provides:

14                "(1)   A 1-year period of limitation shall apply to an application
15           for a writ of habeas corpus by a person in custody pursuant to the
16           judgment of a State court.  The limitation period shall run from the latest
17           of--

18

19  _____

20           [2]     http://appellatecases.courtinfo.ca.gov/index.html

21           [3]     The Ninth Circuit has held that the district court has the authority to raise
22  the statute of limitations issue *sua sponte* when untimeliness is obvious on the face
23  of the petition and to summarily dismiss a petition on that ground pursuant to Rule
24  4 of the Rules Governing Section 2254 Cases in the United States District Courts, so
     long as the court "provides the petitioner with adequate notice and an opportunity to
25  respond."  See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook,
     260 F.3d 1039, 1042-43 (9th Cir. 2001).
26

27           [4]     Beeler was overruled on other grounds in Calderon v. United States
28  District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

                                       2

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

From a review of the Petition, as well as the California Appellate Courts website, it appears that petitioner appealed the underlying judgment of conviction to the California Court of Appeal, which subsequently affirmed the judgment on May 24, 2011. Thereafter, petitioner filed a Petition for Review in the California Supreme Court on or about June 30, 2011 which was subsequently denied on August 10, 2011. Thus, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" was November 8, 2011, when the 90-day period for petitioner to petition the United States Supreme Court for a writ of certiorari expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2. Therefore, for purposes of 28 U.S.C. § 2244(d)(1)(A), petitioner's judgment of conviction "became final by conclusion of direct review or the expiration of the time for seeking such review" on November 8, 2011, and his

/ / /

one-year limitations period under the AEDPA expired on November 7, 2012, absent either a late-trigger date or a basis for tolling of the statute.

From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B).  Nor does it appear that petitioner has a basis for contending that any of his claims is based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date of his conviction became final and that has been made retroactively applicable to cases on collateral review, as provided in § 2244(1)(C).  Finally, it appears that petitioner has no basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D) since petitioner was aware of the **factual** predicate of his claim as of the date his petition for review was denied.  See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Thus, unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was November 7, 2012. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

28 U.S.C. § 2244(d)(2) provides:

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), the Ninth Circuit construed the foregoing tolling provision with reference to California's post-conviction procedures.  The Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." See id. at 1006.  Accord, Carey v. Saffold,

4

536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains "pending" during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court). However, the statute of limitations is not tolled during the interval between the date on which the judgment of conviction became final and the filing of the petitioner's first collateral challenge. See Nino, 183 F.3d at 1006.

Here, there is no record of petitioner filing any state habeas petition during the approximately two and a half year period between the denial of his Petition for Review and the filing his federal habeas petition. Thus, it appears there is no basis for statutory tolling of the limitations period with respect to the Petition.

In Holland v. Florida, _U.S._, 130 S. Ct. 2549 (2010), the Supreme Court held that the timely filing of a habeas petition was not jurisdictional, but rather was subject to equitable tolling. If petitioner intends to rely on the equitable tolling doctrine for purposes of arguing that his federal habeas petition is timely, he will need to include with his Response to this Order to Show Cause a declaration under penalty of perjury stating facts showing (1) that he has been pursuing hi rights diligently, and (2) that some "extraordinary circumstances" beyond petitioner's control stood in his way and/or made it impossible for him to file the Petition on time. See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006); Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

DATED: January 31, 2014

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

5